304 So.2d 542 (1974)
Ruth Ann JACOBS, Formerly Ruth Ann Ross, Appellant,
v.
Warren K. ROSS, Appellee.
No. 74-1167.
District Court of Appeal of Florida, Third District.
December 10, 1974.
Heller & Kaplan, Miami, for appellant.
Warren K. Ross, in pro. per.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
Appellant, ex-wife, by interlocutory appeal seeks review of the chancellor's order clarifying the visitation rights of appellee, ex-husband.
A judgment dissolving the marital bonds of the parties was entered on August 10, 1972. Incorporated into the judgment was an agreement which provided that appellant have custody of the minor child, Michael, with appellee having reasonable visitation rights. Alleging that he has been denied his right of visitation and communication with his minor son since June 1973, appellee, Warren Ross, in January 1974 filed a motion for clarification of rights of visitation. The cause came on for hearing at which Michael's psychologist testified that his father, the appellee, upsets him very much and that Michael needs to be freed from the problem before a serious emotional disturbance develops. A report of another psychologist also indicated that Michael needs a stable environment to develop properly. Appellee presented no evidence to the contrary. Finding changed circumstances, the chancellor entered the herein appealed order which provided, inter alia, that appellee be permitted (1) to visit with Michael one weekend each month beginning 4:00 P.M. on Friday and ending at *543 6:00 P.M. on Sunday at any place within the State of Florida of appellee's choosing, (2) to have Michael visit with him for a consecutive one week period during the child's summer vacation from school at any place within or without the State of Florida, and (3) to have Michael visit with him for a consecutive one week period alternatively each year during the child's Christmas or Spring vacation from school. We reverse.
First, we conclude that the above order clarifying the appellee's right of visitation with his minor son was in effect an order for divided custody. Cf. Kelley v. Kelley, Fla. 1952, 56 So.2d 439; Rudolph v. Rudolph, Fla.App. 1962, 146 So.2d 397.
A party seeking a modification of child custody or visitation arrangements has the burden of proving a material and substantial change in circumstances of the parties subsequent to the entry of the judgment of dissolution of marriage which would warrant modification, and further the party also must demonstrate that the change is in the child's best interest which is of paramount importance. See Teta v. Teta, Fla.App. 1974, 297 So.2d 642.
After an examination of the record, on appeal, we find that appellee has failed to illustrate any material change in conditions as they existed at the time of the judgment. It is also clear from the testimony of the child's mother and psychologist and the report of the court appointed psychologist that Michael's best interest would be served by a gradual approach toward a renewal of his relationship with his father, the appellee, until Michael can overcome his fears rather than the split custody order which was improper.
Accordingly, the order herein appealed is reversed and the cause remanded to the court below to enter a new order granting appellee reasonable visitation rights which would best serve the interests of the minor child.
Reversed and remanded with directions.