383 So.2d 274 (1980)
Rosalie J. WALFISH, Appellant,
v.
Richard WALFISH, Appellee.
No. 79-1836.
District Court of Appeal of Florida, Third District.
May 6, 1980.
*275 Engel, Aronson, Fried & Cohn, Miami, for appellant.
Gus Efthimiou, Jr., Miami, for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
BASKIN, Judge.
This appeal challenges the decision of the trial court which changed custody of the two minor children of the parties from the mother to the father. We find the record does not support the change of custody as a matter of law and reverse.
When the marriage of the parties was dissolved in 1973, the mother was awarded custody of their two daughters. Six years later, the father filed a petition for change of custody of the two children then aged eight and ten.
During the evidentiary hearing on the petition for change of custody, the father presented the testimony of a psychologist who had examined the children and interviewed the parents. This psychologist testified that the children had expressed a desire to live with their father, but the doctor specifically stated that the mother had committed no overt act which would render her unfit. Unfortunately, the psychiatrist who had been treating the children was not available to testify at the evidentiary hearing.
Both parents presented testimony of neighbors and relatives. Those persons testifying on behalf of the father averred that, on occasion, the mother's home had been dirty and that the children had been unkempt. They also testified that the father was a good parent and took good care of the children when they visited him. Friends and family of the mother, on the other hand, testified that she was a good and concerned parent.
As a prerequisite to a change in custody, petitioner must prove a substantial change in circumstances.
[A] decree may not be substantially amended or changed thereafter, except upon a showing of materially altered conditions arising subsequent to the entry of the decree or of material facts bearing on the question of custody which were in existence at the time of the decree but were unknown to the court on the date of its entry. And even in such cases a substantial amendment or change in the decree should not be made except for the welfare of the child.
Sayward v. Sayward, 43 So.2d 865, 868 (Fla. 1949). The trial court does not have the same degree of discretion to modify custody *276 as it does to enter an original decree. Jacobs v. Ross, 304 So.2d 542 (Fla. 3a DCA 1974); Frye v. Frye, 205 So.2d 310 (Fla. 4th DCA 1967).
The testimony presented to the trial court disclosed that the father was a fit parent, but it failed to show that the mother was unfit or to establish that a change of custody was required to further the best interests of the children.[1] The trial court, therefore, abused its discretion in ordering the change of custody. Robinson v. Robinson, 333 So.2d 526 (Fla. 2d DCA 1976); Hutchins v. Hutchins, 220 So.2d 438 (Fla. 2d DCA 1969); and Nixon v. Nixon, 209 So.2d 878 (Fla. 3d DCA 1968).
The order of the trial court is reversed and the cause is remanded for further proceedings in accordance with this decision.
NOTES
[1] The trial judge also considered comments made to him by the children during an off-the-record interview he conducted outside the presence of the parties or their attorneys. The judge refused to disclose what transpired during those proceedings and declined to give counsel the opportunity to rebut any matters presented during the interview or to cross-examine the children. The wishes of the child may properly be considered by the trial court in making a determination of custody, In re Gregory, 313 So.2d 735 (Fla. 1975); Nixon v. Nixon, supra, and the wisdom of interviewing the children outside the presence of the parents is obvious. We must question, however, the propriety of failing to make the substance of the interview a part of the record if for no other reason than to preserve the matter for appeal; but, in light of the disposition of the case, we do not reach the merit of this point on appeal.