732 So.2d 1133 (1999)
Tonya YOUNG, Appellant,
v.
James YOUNG, Appellee.
No. 98-1120.
District Court of Appeal of Florida, First District.
March 5, 1999.
Rehearing Denied April 12, 1999.
*1134 Leatrice Williams Walton of Jacksonville Area Legal Aid, Inc., Jacksonville, for Appellant.
Terroll J. Anderson of Patterson, Bond & Latshaw, P.A., Jacksonville Beach, for Appellee.
WEBSTER, J.
The former wife seeks review of an order changing the primary residential custody of the parties' 6-year-old child to the former husband based primarily upon the facts that the former wife had had another child out of wedlock, who was living with her and the parties' child, and that the living conditions of appellant and the children were somewhat less than ideal. Because the evidence failed to establish either that the child's needs were being unmet in any way or that maintaining the status quo would be detrimental to the child, we reverse.
The parent seeking to modify a prior award of primary residential custody "`carries an extraordinary burden'" to plead and prove that the parties' circumstances have changed substantially since the entry of the last order addressing custody and that a change in custody would be in the best interest of the child. Zediker v. Zediker, 444 So.2d 1034, 1036 (Fla. 1st DCA 1984) (emphasis in original). Pursuant to this test, a change of custody is appropriate only when, having considered all of the factors listed in section 61.13(3), Florida Statutes,
the trial court finds that a change in custody will so clearly promote or improve the child's well-being to such an extent that any reasonable parent would understand that maintaining the status quo would be detrimental to the child's overall best interests. This test involves more than a decision that the petitioning parent's home would be "better" for the child, and requires a determination that there is some significant inadequacy in the care provided by the custodial parent. *1135 Gibbs v. Gibbs, 686 So.2d 639, 641 (Fla. 2d DCA 1996). The evidence presented by the former husband in support of his motion failed to satisfy this test.
The former husband did present evidence from which the trial court might have concluded, as it apparently did, that his home would be "better" for the child. However, he presented no evidence to suggest that either the living conditions or the care provided by the former wife had been detrimental to the child in any way, or that any of the child's needs were not being met. Because no evidence was presented to suggest that either the living conditions or the care provided to the child by the former wife had been detrimental to the child, or that any of the child's needs were not being met, the trial court should not have changed custody from the former wife to the former husband. See, e.g., Kelly v. Kelly, 642 So.2d 800 (Fla. 2d DCA 1994) (evidence that the mother had moved and changed jobs five times and lived with a boyfriend who was purportedly abusive toward her was not sufficient to warrant a change of custody absent evidence that the mother was failing to meet the child's needs in some way); Sanchez v. Sanchez, 575 So.2d 744 (Fla. 5th DCA 1991) (the fact that the mother was about to give birth to a child out of wedlock did not warrant a change of custody absent evidence that the child who was the subject of the custody dispute would be adversely affected as a result). Accordingly, the order changing the primary residential custody of the parties' child to the former husband is reversed.
REVERSED.
ALLEN and VAN NORTWICK, JJ., CONCUR.