834 So.2d 216 (2002)
Richard H. RING, Appellant,
v.
Cynthia L. RING, Appellee.
No. 2D01-4229.
District Court of Appeal of Florida, Second District.
October 4, 2002.
Vanda Y. Bayliss, Sarasota, and Stanley M. Krawetz, Sarasota, for Appellant.
Sarah E. Warren, Sarasota, for Appellee.
WHATLEY, Judge.
The father, Richard H. Ring, appeals an order modifying child custody. We reverse.
A party seeking a postdissolution change of custody bears an extraordinary burden. Blosser v. Blosser, 707 So.2d 778, 780 (Fla. 2d DCA 1998). As this court stated in Gibbs v. Gibbs, 686 So.2d 639, 644 (Fla. 2d DCA 1996), the movant has an extraordinary burden to prove (1) that a material and substantial change of circumstances has occurred since the final judgment, which is detrimental to the children, and (2) that a change in custody is in the children's best interest. In the present case, the parties' final judgment of dissolution of marriage had incorporated a marital settlement agreement which provided for rotating custody of the parties' four minor children. Seventeen months after the entry of the final judgment of dissolution of marriage, the mother, Cynthia L. Ring, filed a petition to modify child custody.
*217 After a hearing, the trial court entered an order modifying custody, finding that the parties had been unable to confer and that there had been continuing conflict between the parties that had contributed to the emotional problems of one minor child, A.R. The trial court further found that such conflict places the other three children at risk of emotional harm. On appeal, the father does not challenge the modification order as it pertains to A.R.
We conclude that the trial court erred in modifying child custody. There is no evidence in the record indicating that there has been a material and substantial change of circumstances as to the other three children or that a change in custody was in their best interest. The record does show that the parties in this case sadly failed to communicate between themselves and had continuing hostility. However, in Newsom v. Newsom, 759 So.2d 718, 720 (Fla. 2d DCA 2000), this court stated that the "fact that the parents cannot communicate and get along does not constitute a material change in circumstances to warrant modification of custody."
As the father has conceded that A.R. is excluded from this court's decision, we reverse the order modifying child custody as to the remaining three children and remand for entry of an order reinstating the child custody arrangement as contained in the parties' marital settlement agreement.
Reversed and remanded with directions.
DAVIS and KELLY, JJ., Concur.