WOLF, C.J.,
Concurring.
I concur in affirming the denial of the change of custody because of the findings made by the trial judge and because much of the mother’s conduct which was the subject of this hearing may also have been occurring prior to the initial custody determination. I write because of my concern that in previous cases we may have sent the wrong message to trial judges. The correct message is that the burden of proof in modification of custody cases is difficult but not insurmountable. Young v. Young, 732 So.2d 1133 (Fla. 1st DCA 1999). Issues such as promoting family stability and deterring endless litigation between feuding parents, as well as considering the limited resources and capabilities of the courts to remedy familial problems, mandate the extraordinary burden a party must meet to prevail in a change of custody proceeding.
*192 We do, however, recognize that in certain cases the need for protecting children may overcome that burden:
[A] change in custody is appropriate only when ... the trial court finds that [the] change ... will so clearly promote or improve the child’s well-being to such an extent that any reasonable parent would understand that maintaining the status quo would be detrimental to the child’s overall best interests. This test involves more than a decision that the petitioning parent’s home would be “better” for the child, and requires a determination that there is some significant inadequacy in the care provided by the custodial parent.
Young, 732 So.2d at 1134 (quoting Gibbs v. Gibbs, 686 So.2d 639, 641 (Fla. 2d DCA 1996)).
I perceive the holding in cases such as Boykin v. Boykin, 843 So.2d 317 (Fla. 1st DCA 2003), and Young have left trial courts with the impression that they cannot intervene even where the well-being of the child might require action by the trial court. Indeed, if the trial court had ordered a change of custody in this case, I would have affirmed.