906 So.2d 321 (2005)
Gregory Wade HEMBREE, Appellant,
v.
Kelli Lee Flowers THOMAS, a/k/a Kelli Lee Hembree, Appellee.
No. 1D04-2160.
District Court of Appeal of Florida, First District.
July 5, 2005.
Tracy S. Carlin and John S. Mills, of Mills & Carlin, P.A., Jacksonville, for appellant.
No appearance for appellee.
WOLF, J.
Appellant, the former husband, challenges an order of the trial court awarding temporary primary residential custody to the former wife. Appellant raises several issues on appeal, only one of which we need to address: whether the trial court reversibly erred by changing primary custody from the father to the mother without an evidentiary hearing concerning the best interests of the child. We agree with appellant and reverse for an evidentiary hearing.
The instant case is similar to the situation addressed by the Second District Court of Appeal in Sinclair v. Sinclair, 804 So.2d 589 (Fla. 2d DCA 2002), where a father who had primary residential custody was incarcerated and the children had resided primarily in the home of their paternal grandparents. While the incarceration clearly constituted a substantial change in circumstances, the trial court was required to address the best interests of the child. Id. at 591-92, 594.[1] A trial court's decision relating to this factor and to the modification of custody must be based on factual findings supported by competent substantial evidence. See Boykin v. Boykin, 843 So.2d 317, 321 (Fla. 1st DCA 2003). Thus, the trial court erred in refusing to hold an evidentiary hearing on the issue of the best interests of the child. We, therefore, reverse and remand for an evidentiary hearing on this issue.
VAN NORTWICK and BROWNING, JJ., Concur.
NOTES
[1] The former husband concedes that his incarceration constituted a substantial change of circumstances and only requests a remand for an evidentiary hearing on the best interests of the child.