PER CURIAM.
The Petitioner, Miami Herald Media Company, seeks an emergency writ of cer-tiorari quashing an order of the trial court that denies the Herald access to closed court proceedings. We grant the petition and quash the order under review.
On April 20, 2006, the trial court closed all proceedings in this dependency proceeding at the request of the temporary legal custodians and the Guardian Ad Li-tem “without prejudice to the Court’s consideration of any Motion for Access which may hereafter be filed.” In March, 2007, the Herald determined to challenge the order, and the court held an evidentiary hearing on the need for continued closure. After considering all of the evidence, the court concluded that the proceeding should remain closed.
Under Florida law, the trial court “may close any [dependency] hearing to the public upon determining that the public interest or the welfare of the child is best served by so doing.” § 39.507(2), Fla. Stat. (2006). However, such a determination must be supported by competent substantial evidence. See Hembree v. Thomas, 906 So.2d 321 (Fla. 1st DCA 2005)(“A trial court’s decision relating to [the best interest of the child] and to the modification of custody must be based on factual findings supported by competent substantial evidence.”). See also R.F. v. Fla. Dep’t of Children & Families (In the Interest of M.F.), 770 So.2d 1189, 1192 (Fla.2000)(“A court’s final ruling of dependency is a mixed question of law and fact and will be sustained on review if the court applied the correct law and its ruling is supported by competent substantial evidence in the record.”). The evidence presented to the trial court fails to satisfy this requirement.
We quash the order of the trial court without prejudice.