CLARIFYING OPINION ON MOTIONS FOR REHEARING AND REHEARING EN BANC
 

 PER CURIAM.
 

 Appellant, the former wife, moved for rehearing and rehearing en banc of our per curiam affirmance of the trial court’s order granting Appellee’s (the former husband) motion for contempt and providing temporary relief on Appellee’s counter-petition for modification of primary residential custody, the effect of which was to transfer primary residential custody of the parties’ two young children from Appellant in Louisiana to Appellee in Florida, pending further proceedings that are not a part of this appeal. We grant the motion for rehearing to clarify the basis for our affir-mance and to show that, contrary to the arguments presented in the motions, no intra-district conflict exists. We deny the motion for rehearing en banc.,
 

 Seeking rehearing, Appellant contends, first, that we overlooked or misapprehended a controlling point of law in affirming the order and that, second, we ignored factually indistinguishable case law in making a contrary holding. On the first point, it is well-established that before a trial court can modify a primary residential custody or parental visitation judgment, the party seeking the change (Appellee here) must present competent substantial evidence demonstrating (1) that a substantial, material, and unanticipated change in circumstances occurred after the original custody/visitation determination and (2) that the requested modification is in the children’s best interests.
 
 Wade v. Hirschman,
 
 903 So.2d 928, 932 (Fla.2005);
 
 Cooper v. Gress,
 
 854 So.2d 262, 265 (Fla. 1st DCA 2003).
 

 At the end of the evidentiary hearing on the outstanding motions, the trial court orally announced that Appellant was in willful contempt of the court’s order directing her to comply with a specific child exchange plan at a halfway meeting place in Alabama, and that Appellee would be the children’s primary residential parent for two months pending further proceedings. The .court reduced these rulings to writing in the challenged order. The court made no oral or written findings of fact addressing the required proof for modifying primary residential custody. Appellant alleges the court temporarily transferred custody merely to punish her for failing to deliver the children to Appellee according to the court-ordered visitation and meeting schedules, without proof of the two required prongs for custody modification.
 

 Generally, specific findings of fact in modification proceedings are necessary to facilitate effective appellate review of the trial court’s reasons for ruling as it did.
 
 Moreno v. Moreno,
 
 606 So.2d 1280, 1281 (Fla. 5th DCA 1992). However, where the party seeking modification sets out the correct test for changing custody, clearly alleges facts regarding the two requisite elements, and competent substantial evidence in the record, if accepted by the trial court, demonstrates a substantial, material change in circumstances, such that the children’s best interests would be served by the requested modification, the trial court’s failure to include “magic words” does not compel reversal.
 
 See Rossman v. Profera,
 
 67 So.3d 363, 367-68 (Fla. 4th DCA 2011). The situation where the correct test for modification was pre
 
 *354
 
 sented and competent substantial evidence in the record supports the result, but the trial court failed to explain its reasoning, does not compel reversal if it is readily apparent why the trial court ruled in the manner it did and the result is legally sustainable.
 
 See Vaughn v. Vaughn,
 
 714 So.2d 632, 633-34 (Fla. 1st DCA 1998) (stating that trial court’s failure to make findings of fact to explain an unequal distribution of marital debt was harmless error, where evidence was offered to prove the result and it was readily apparent from the record why the court ruled as it did). This circumstance is significantly different from one where no findings are made and no record evidence supports the ruling.
 
 *
 

 Appellee’s counter-petition to modify custody set out detailed allegations of substantial, material changes in circumstances since entry of the final judgment of dissolution, and he testified at the hearing about these changes and in support of his claim that transferring primary residential custody would serve the children’s best interests. It would serve no useful purpose to set forth in this opinion Appellee’s detailed allegations asserting that Appellant was not complying with material aspects of the dissolution judgment and subsequent orders relating to visitation, time-sharing, and the children’s care. Appel-lee’s testimony addressed the substantial, material changes since the divorce decree concerning Appellant’s inadequate care of the children, and provided evidence that transferring primary residential custody to Appellee would serve the children’s emotional, psychological, educational, and physical best interests and would afford the children a more meaningful, involved relationship with their father than their mother had allowed. Appellee’s pleadings set out the proper test for custody modification, and competent substantial evidence in the record in the form of Appellee’s testimony, if believed by the trial court, supports the temporary custody change. The instant record presents no reasonable basis to conclude that the trial court ruled based on a misapplication of the governing law or used the custody determination merely to punish Appellant for failing to comply with the visitation order. We take judicial notice that after a subsequent hearing with the parties, the trial court entered a written order (that is challenged in another appeal) finding that transferring primary residential custody is in the children’s best interests because it allows them to have meaningful physical contact and communication with Appellee which, according to his testimony, Appellant had systematically denied when she was the primary custodian.
 
 See
 
 § 90.202(6), Fla. Stat. (2010) (stating that a court may take judicial notice of the records of any court of this state). Given these specific circumstances where the court reached a supportable result based on proof in the record, we conclude that remanding for findings of fact would serve no positive purpose and would needlessly prolong this acrimonious litigation.
 
 See Vaughn,
 
 714 So.2d at 634. We distinguish those cases in which the “tipsy coachman” doctrine was deemed inapplicable where the trial
 
 *355
 
 court failed to make findings of fact and resolving the issue on appeal would have required the appellate panel to assess the credibility of the evidence and make its own findings.
 
 See, e.g., Bueno v. Workman,
 
 20 So.3d 993, 998 (Fla. 4th DCA 2009);
 
 Porter v. Porter,
 
 913 So.2d 691, 694 (Fla. 3d DCA 2005).
 

 Appellant’s second ground for rehearing is that this Court released
 
 Cheek v. Hesik,
 
 73 So.3d 340 (Fla. 1st DCA 2011), shortly after making its initial ruling in the instant case, and that the holding in
 
 Cheek
 
 cannot be reasonably reconciled with our affir-mance in the present case. To address this allegation, we must examine the facts in
 
 Cheek.
 
 Like Appellant, the former wife in
 
 Cheek
 
 appealed an order finding her in contempt and altering the child’s time-sharing arrangement.
 
 Id.
 
 at 341. The parties in
 
 Cheek
 
 were divorced in Illinois in 2007, and Mrs. Cheek, the former wife, was designated primary custodial parent of the minor child. Mr. Hesik, the former husband, was granted visitation under a phased plan. The former wife and the child subsequently moved to Florida; the former husband remained in Illinois. Significant problems with time-sharing arose as early as 2008, when the former wife was found in contempt for failing to honor the court-ordered visitation schedule. The former husband filed numerous motions for contempt alleging the former wife had continued to deny his visitation rights and had alienated the child from him. The former husband asked the court to devise a plan for makeup visitation, including temporary modification of custody. After the court deferred ruling on the motion and advised the former wife to cooperate with the court-appointed parenting coordinator and not alienate the child from his father, the court received evidence the former wife was not participating in the parenting coordinator process. The court issued a “last chance” warning to the former wife to cooperate and comply with the court’s orders or else face sanctions, including a custody change.
 
 Id.
 

 After an evidentiary hearing, the trial court in
 
 Cheek
 
 found that for approximately three years, the former wife had prevented all or nearly all contact between the former husband and the child, thereby denying the former husband at least 150 days of time-sharing without justification.
 
 Id.
 
 at 341. The court found the former husband was entitled to makeup time-sharing and ordered him immediately to have and exercise 100% time-sharing. It limited the former wife’s telephonic contact with the child to no more than 15 minutes’ duration, no more often than every fourth day.
 
 Id.
 
 This decision altered primary custody and required the child to relocate from Florida to Illinois in the middle of the school year.
 
 Id.
 
 at 342. This scheme was not the specific remedy sought by the former husband, whose counsel had suggested any custody change should be overseen by an expert and should be implemented gradually over the summer. The former wife sought reconsideration on the ground that the court had erroneously given the former husband immediate primary custody, thus modifying the existing custody arrangement without the required finding that the change was in the child’s best interests.
 
 Id.
 
 at 341. She appealed the summary denial of her motion.
 
 Id.
 

 The former wife in
 
 Cheek
 
 did not seriously challenge the finding that she had denied the former husband significant time-sharing opportunities.
 
 Id.
 
 at 341. We rejected the former wife’s argument the trial court lacked authority to order makeup time-sharing under the facts.
 
 Id.
 
 at 341-342. Even so, we felt compelled to reverse the makeup time-sharing orders because, contrary to section 61.13(4)(c)l., Florida Statutes, the trial court failed to find that the manner in which the court
 
 *356
 
 imposed the makeup time-sharing was in the child’s best interests. Indeed, the trial court made no findings regarding best interests. Pursuant to the statute, the fact that imposing makeup time-sharing was in the child’s best interests did not mark the end of the trial court’s endeavors. Rather, the manner in which makeup time-sharing was implemented had to be in the child’s best interests too, and no such finding was made. 73 So.3d at 341-342.
 

 The former husband in
 
 Cheek
 
 defended the ruling on the ground that the trial court’s orders had recognized it was in the child’s best interests to afford the foi’mer husband an opportunity to develop a relationship with the child via substantial time-sharing to compensate for the time denied him by the former wife.
 
 Id.
 
 at 342. The trial court failed to fulfill its legal duty, however, to address whether the manner in which makeup time-sharing was imposed met the “best interests” test.
 
 Id.
 
 at 342-343. Assuming for the sake of argument that such a finding was implicit in the orders, we concluded that no competent substantial evidence supported this finding.
 
 Id.
 
 at 342. Absent any evidentia-ry basis whatsoever to establish that requiring the child to move from Florida to Illinois, even temporarily, was consistent with his best interests, and given all the evidence indicating that this immediate, drastic change in custody would be contrary to his best interests, we found error in the manner in which the trial court devised the right to makeup time-sharing.
 
 Id.
 
 at 342-343.
 
 Cheek
 
 recognized the hallowed doctrine that before modifying custody temporarily or ordering any other type of makeup time-sharing, a trial court must consider the child’s best interests.
 
 Id.
 
 at 342-343. Without opining regarding the appropriate outcome of the pending custody issues, we reversed the makeup time-sharing orders and remanded for further proceedings.
 
 Id.
 

 In the motion for rehearing, Appellant asserts the parties’ circumstances in
 
 Cheek
 
 were very similar to the instant parties’ circumstances. In both cases, the trial courts failed to make findings showing how the ruling satisfied one or both requisites for custody modification. However, several significant differences exist between
 
 Cheek
 
 and the present case. First, the specific, drastic, and very disruptive remedy imposed by the trial court in
 
 Cheek
 
 was neither requested nor anticipated by the parties. In the case at bar, Appellee squarely put in issue the children’s primary residential custody and the prospect that the trial court could modify the children’s primary residence if the court accepted the allegations in Appellee’s counter-petition as supported by his testimony. Second, we cannot ignore that in
 
 Cheek,
 
 no competent substantial evidence would have satisfied the “best interests” test anyhow; in fact, all the evidence indicated otherwise. In contrast, Appellee presented very detailed allegations and testimony that, if believed by the trial court, would satisfy both prongs of the custody modification test and support a temporary change. Although the trial court made no findings on “substantial change in circumstances” or “children’s best interests,” one view of the record supports the challenged rulings. Under these particular circumstances, the failure to make specific factual findings, while not helpful for meaningful appellate review, is not fatal and does not compel reversal. Thus, we find a material distinction between the records in
 
 Cheek
 
 and the instant case and no conflict between the holdings.
 

 In seeking a rehearing en banc, Appellant argues that affirming the challenged order conflicts with several other decisions of this Court. The first case cited is
 
 Ginder v. Ginder,
 
 536 So.2d 1155 (Fla. 1st DCA 1988), which supports the proposition
 
 *357
 
 that a trial court cannot modify primary residential custody purely as a method of punishing a parent. Although the instant trial court announced it would not condone the former wife’s willful violation of the court’s order (relating to the time-sharing schedule and child exchange plan), nothing in the record suggests the court temporarily changed custody solely to punish her. In fact, the court dealt with the former wife’s non-compliance with the order by finding her to be in willful contempt. To the extent the former wife alleged it would risk her job security to leave work regularly to meet the former husband at the halfway point in Alabama to exchange the children, we note that she presented no evidence to support this conclusion before unilaterally violating the court order.
 

 The second alleged conflicting opinion is
 
 Ragle v. Ragle,
 
 82 So.3d 109, 2011 WL 3558156 (Fla. 1st DCA 2011), which involved an order, in pertinent part, modifying primary residential custody from the former husband to the former wife.
 
 Id.
 
 at 110. After the dissolution judgment, the custodial parent, Mr. Ragle, moved 28 miles away to a different county so the parties’ oldest child could attend a different school. The non-custodial parent, Mrs. Ragle, moved for contempt on the grounds that the decisions to move and to transfer the child to another school were made unilaterally without consulting her. Mrs. Ragle petitioned to modify primary residential custody based on a substantial change in circumstances relating to the location of the children’s residence, their school, the sharing of parental responsibility, the visitation and communication privileges, and the quality of the non-custodial parent’s relationship with the children. After a hearing, the trial court ordered a new custody and time-sharing plan and, without reciting any factual findings, concluded the relocation was harmful to the children because it deprived the non-custodial parent of visitation and harmed the children’s well-being.
 
 Id.
 
 Adopting the child custody evaluator’s findings, the trial court concluded it would be detrimental to the children to remain in their father’s primary custody.
 
 Id.
 
 at 111.
 

 Upon reviewing the record, we concluded in
 
 Ragle
 
 that all the alleged substantial changes and problems related to the father’s relocation to another county which, by itself, did not warrant custody modification.
 
 See id.
 
 at 112. We noted that no competent substantial evidence supported the trial court’s finding the custodial parent had repeatedly limited the other parent’s contact with the children, thus demonstrating the inability to co-parent with the non-custodial parent, nor did any evidence support the finding that the custodial parent was drinking again and using medications to excess.
 
 Id.
 
 at 113. The child custody evaluation recommended that the parties’ tattered relationship would improve if the parties lived closer to each other, allowing the non-custodial parent to exercise her visitation more often and perhaps reducing friction between the parties. Although the evaluation and the trial court’s order focused largely on Mr. Ra-gle’s relocation, the record indicated “the real problem” was the parties’ “already antagonistic relationship.”
 
 Id.
 
 at 112, 113. The report recommendation, the parents’ inability to communicate, and the evaluator’s finding no compelling reason to maintain the status quo were not proper grounds for modifying primary custody.
 
 Id.
 
 That a change in custody might be better for the children is not the test for modification. Absent proof of a substantial change in circumstances, this Court declined to address the “best interests” prong. We reversed that portion of the order modifying custody and time-sharing
 
 *358
 
 and remanded for further proceedings.
 
 Id.
 
 at 114.
 

 Unlike the record in
 
 Ragle,
 
 competent substantial evidence supports the trial court’s ruling in the instant case. Where the party seeking custody modification raised the proper allegations and presented supporting testimony, and the record supports the result, we can find no legal basis to reverse, even if other competent substantial evidence presented by Appellant could have supported maintaining the original custody arrangement. Appellant has shown no basis for a rehearing on the merits under Florida Rule of Appellate Procedure 9.330(a), nor has she demonstrated any conflict between the cited decisions and our affirming the temporary custody modification and the finding of Appellant’s contempt. For these reasons, we GRANT the motion for rehearing to clarify our prior ruling and DENY the motion for rehearing en banc.
 

 WOLF, LEWIS, and RAY, JJ., concur.
 

 *
 

 The instant record is adequate to allow effective appellate review of a proper evidentiary basis for the trial court’s ruling. To the extent the motion for rehearing complains of the lack of factual findings, rather than the trial court’s application of the law and the sufficiency of the evidence, the absence of findings was not raised and preserved for appellate review in a motion for rehearing in the trial court and cannot, standing alone, constitute a ground for reversal.
 
 See Jonsson v. Dickinson,
 
 46 So.3d 1016 (Fla. 1st DCA 2010);
 
 Owens v. Owens,
 
 973 So.2d 1169 (Fla. 1st DCA 2007);
 
 Mathieu v. Mathieu,
 
 877 So.2d 740 (Fla. 5th DCA 2004);
 
 Broadfoot v. Broadfoot,
 
 791 So.2d 584, 585 (Fla. 3d DCA 2001).