PER CURIAM.
Tammy Westwood appeals the denial of her “Verified Petition for Modification of Partial Final Judgment of Dissolution of Marriage, or in the Alternative Motion for Reconsideration” (“the Petition”). Ms. Westwood argues that the trial court violated her due process rights by denying her relief without a hearing. The resolution of this issue depends on whether the Petition was actually a supplemental petition or an untimely motion for reconsideration;
At the time of trial, both parties were residing in the United States but were not U.S. citizens. In the partial final judgment of dissolution of marriage, the court ruled that the parties’ minor children should be allowed to move to the United Kingdom with Mr. Westwood.[1] The court reserved jurisdiction to provide for a parenting plan and child support. Neither party appealed. Instead, thirty-four days later, Ms. Westwood filed the Petition, challenging the court’s finding that relocation was in the children’s best interest. The trial court summarily denied relief.
While the Petition attempted to cover all bases, Ms. Westwood neither obtained a summons nor served the Petition on Mr. Westwood. As a result, we believe the trial judge was correct in viewing the pleading as an untimely motion for rehearing or reconsideration. It was therefore properly denied without a hearing. See Fla. R. Civ. P. 1.580.
This opinion is without prejudice to Ms. Westwood’s ability to refile a properly served petition for modification. If she chooses to do so, Ms. Westwood will need to plead and prove a substantial, material, and unanticipated change of circumstances, and establish that modification is in the children’s best interest. See, e.g., Delivorias v. Delivorias, 80 So.3d 352, 353 (Fla. 1st DCA 2011).
AFFIRMED.
TORPY, C.J., SAWAYA and COHEN, JJ., concur.

. We lack a transcript from the trial. However, in the final judgment, the trial court found that: (1) Ms. Westwood’s business, which was the basis of her visa, had dissolved; (2) Mr. Westwood would be in the country illegally upon the parties’ divorce; (3) the children were underperforming in school; and (4) Ms. Westwood had not fostered a relationship between Mr. Westwood and their daughter.