IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

YASAR KORKMAZ,

      Appellant,

v.

ANASTASIA KORKMAZ,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-519

Opinion filed October 4, 2016.

An appeal from the Circuit Court for Leon County.
Charles A. Francis, Judge.

Ronald Newlin, Tallahassee, for Appellant.

No appearance for Appellee.

JAY, J.

The former husband appeals the trial court's final order dismissing his Amended Supplemental Petition for Modification of Time-Sharing and Motion to Set Aside Judgment of Dissolution of Marriage. As to the modification allegations, the trial court found that the amended petition was "legally insufficient" because the

former husband "failed to allege any facts arising after the entry of the final judgment that, if proven, would constitute a substantial change in circumstances." The former husband has raised four points on appeal urging reversal of the trial court's order. We affirm Points I and II without further discussion. We also affirm Points III and IV, but use these issues as an opportunity to emphasize the importance of proper pleading in a petition for modification of time-sharing.

Under Points III and IV, the former husband contends that his Amended Supplemental Petition for Modification alleges sufficient ultimate facts of parental alienation to state a cause of action for a change in time-sharing. The trial court found otherwise and granted the former wife's motion to dismiss. Our standard of review of the trial court's final disposition on a motion to dismiss for failure to state a cause of action is de novo. Elbaum v. Elbaum, 141 So. 3d 658, 660 (Fla. 4th DCA 2014) (internal quotations and citation omitted). "'When determining the merits of a motion to dismiss, a court may not go beyond the four corners of the complaint and must accept the facts alleged therein and exhibits attached as true, with all reasonable inferences drawn in favor of the pleader.'" Id. (quoting Regis Ins. Co. v. Miami Mgmt., Inc., 902 So. 2d 966, 968 (Fla. 4th DCA 2005)); accord Locker v. United Pharm. Grp., Inc., 46 So. 3d 1126, 1128 (Fla. 1st DCA 2010) (reiterating the "time-honored standard for evaluating a motion to dismiss for failure to state a cause of action"); Sarkis v. Pafford Oil Co., 697 So. 2d 524, 526 (Fla. 1st DCA 1997).

Preliminarily, we recognize that parental alienation, if proved by competent, substantial evidence, can justify a post-dissolution request for a modification of a time-sharing designation in a final judgment. See McKinnon v. Staats, 899 So. 2d 357, 361 (Fla. 1st DCA 2005). However, a time-sharing determination can only be modified if there has been a "showing of a substantial, material, and unanticipated change in circumstances" and a finding "that the modification is in the best interests of the child." § 61.13(3), Fla. Stat. (2015); see also Jannotta v. Hess, 959 So. 2d 373, 374 (Fla. 1st DCA 2007) (citing Wade v. Hirschman, 903 So. 2d 928, 933-34 (Fla. 2005)). "Stated differently, a movant must show that (1) circumstances have substantially and materially changed since the original custody determination, (2) the change was not reasonably contemplated by the parties, and (3) the child's best interests justify changing custody." Reed v. Reed, 182 So. 3d 837, 840 (Fla. 4th DCA 2016) (citing Wade, 903 So. 2d at 931 n.2). This test promotes the finality of the underlying time-sharing order and "reflects the general belief that stability is good for children." Sanchez v. Hernandez, 45 So. 3d 57, 61 (Fla. 4th DCA 2010). It also establishes "a presumption in favor of the reasonableness of the original decree" and recognizes the res judicata effect of the final judgment. Wade, 903 So. 2d at 933-34; Reed, 182 So. 3d at 840.

In accord with these principles, to state a cause of action in a petition for modification, the pleader must allege ultimate facts establishing an entitlement to

modification, ultimate facts reflecting a substantial, material, and unanticipated change in circumstances. See, e.g., Bon v. Rivera, 10 So. 3d 193, 195 (Fla. 4th DCA 2009); Bartolotta v. Bartolotta, 687 So. 2d 1385, 1387 (Fla. 4th DCA 1997). Consistent with this, if the petitioning parent fails to allege that the circumstances have materially and substantially changed since the original judgment, there is no legal basis to modify the time-sharing order. Bartolotta, 687 So. 2d at 1387; see also Kilgore v. Kilgore, 729 So. 2d 402, 405 (Fla. 1st DCA 1998) ("A modification order should be reversed if the noncustodial parent fails to allege the occurrence of a substantial and material change of circumstances, and the trial court fails to make a finding to that effect."); accord Clark v. Clark, 35 So. 3d 989, 991 (Fla. 5th DCA 2010) (holding that the failure to plead and prove a substantial change of circumstances required reversal of the modification order).

Equally important, "[d]emonstrating to the court that there has been a sufficient substantial change in circumstances places an 'extraordinary burden' on the party seeking to modify" the underlying judgment. Chamberlain v. Eisinger, 159 So. 3d 185, 189 (Fla. 4th DCA 2015) (quoting Sanchez, 45 So. 3d at 61-62); Reed, 182 So. 3d at 840. Practically speaking, this means that the parent requesting the modification must establish more than "an acrimonious relationship and a lack of effective communication in order to show a substantial change" of circumstances. Sanchez, 45 So. 3d at 62; see also Ogilvie v. Ogilvie, 954 So. 2d 698

4

(Fla. 1st DCA 2007) (holding that the inability of parents to communicate does not amount to a substantial change of circumstances); McKinnon, 899 So. 2d at 360 (same); Ring v. Ring, 834 So. 2d 216 (Fla. 2d DCA 2002) (concluding that the parties' failure to communicate and their continued hostility did not constitute a material change in circumstances). In fact, even when one parent fails to keep the other parent apprised of a child's activities, this type of communication problem— in and of itself—is insufficient to establish a material change in circumstances for purposes of a modification order. Sanchez, 45 So. 3d at 62.

In his Amended Supplemental Petition for Modification, the former husband alleges that the former wife has alienated him from his daughter and attempted to undermine his relationship with his child. In support of these conclusory statements, he details a multiplicity of communication and cooperation issues and references events that indicate a rancorous and hostile relationship between the parties. While, if true, the former husband's specific factual allegations are certainly troubling, they are insufficient to meet the "extraordinary burden" of constituting the type of substantial and material change that warrants the granting of a modification order. Sanchez, 45 So. 3d at 62 (viewing the father's allegations in a light most favorable to the father showed that the mother did have difficulty communicating with the father regarding decisions involving the child and displayed hostility toward him, but "[t]he father . . . needed to prove more than merely an acrimonious

5

relationship and a lack of effective communication in order to show a substantial change"); Bazane v. Gambone, 924 So. 2d 952 (Fla. 3d DCA 2006) (holding that "[t]he parents' acrimonious relationship and lack of effective communication [did] not constitute a material change in circumstances to warrant modification of custody."); accord Ragle v. Ragle, 82 So. 3d 109, 113 (Fla. 1st DCA 2011) ("It is abundantly clear from the pleadings, the custody evaluation, and the Statement of Proceedings that the primary problem was the parents' refusal to adequately communicate and cooperate. While this may have been exacerbated by Appellant's minor relocation, this is not sufficient to raise this to the level of a substantial change in circumstances.").

Based on the above analysis, we hold the trial court properly concluded that the former husband failed to state a claim for modification of time-sharing. Also, we reject the former husband's remaining challenges to the final order below.

AFFIRMED.

WINOKUR and WINSOR, JJ., CONCUR.