627 So.2d 527 (1993)
Catherine GRIFFITH, Appellant,
v.
Donald GRIFFITH, Appellee.
No. 93-01322.
District Court of Appeal of Florida, Second District.
October 20, 1993.
Rehearing Denied November 29, 1993.
*528 Melton H. Little, Bradenton, for appellant.
Larry K. Coleman, Mulock, Coleman & Thompson, P.A., Bradenton, for appellee.
PARKER, Judge.
Catherine Griffith appeals the nonfinal order denying her motion to enforce the final judgment of dissolution regarding the custody of her three minor children. We affirm because the trial court's order is only a temporary custody order.
Ms. Griffith's argument that the trial court was required to make a finding that there had been a substantial change in circumstances before modifying the final order of custody is not applicable here because the order appealed is a nonfinal order placing temporary custody of the children with the noncustodial parent. See Potter v. Haffner, 561 So.2d 1 (Fla. 2d DCA 1990). The trial court was not making a final determination of custody. In a temporary custody order, the trial court determines the best place for the children until the court makes the final decision regarding custody. The courts generally try to cause the least amount of disruption in the child's life when making this determination, while still taking into consideration the best interest of that child. See Palmore v. Sidoti, 472 So.2d 843 (Fla. 2d DCA 1985).
In this case, after the court awarded Ms. Griffith primary residential custody of the three children, she voluntarily relinquished custody to Mr. Griffith. The record indicates that the children were with Mr. Griffith for at least five months before Mr. Griffith filed a supplemental petition for modification of the final judgment seeking primary residential custody of the children and child support from Ms. Griffith. Thereafter, Ms. Griffith filed her motion to enforce the final judgment of dissolution regarding custody.
Ms. Griffith is correct in arguing that a temporary change in custody is not grounds for modification of custody. Accordingly, affirmance of this nonfinal order is not an expression of who ultimately is entitled to custody. Additionally, while the courts generally prefer to keep siblings together, there are exceptions for when the children are old enough to express a preference or when it is in their best interest to be separated. See Reinhart v. Reinhart, 291 So.2d 103 (Fla. 1st DCA 1974); Pollak v. Pollak, 196 So.2d 771 (Fla. 3d DCA 1967). In this case, the daughter expressed a desire to live with her mother and the sons preferred to live with their father. In light of the one son's threat against his mother, it cannot be said that the court abused its discretion in this matter.
Affirmed.
RYDER, A.C.J., and LUTEN, CLAIRE K., Associate Judge, concur.