ALTENBERND, Judge.
Kathy R. Munson appeals a partial final judgment in this action for dissolution of marriage. The judgment awarded the couple shared parental responsibility for their two children, but awarded primary residential care to the husband, Randy H. Munson. In addition to the two children of this marriage, who are between the ages of five and ten, Ms. Munson has a teenage daughter from a prior marriage who resides with her. There is evidence of bonding among these three children. Ms. Munson argues that the trial court abused its discretion when it decided to separate the two children of this marriage from her older daughter.
The trial court considered all the factors delineated in section 61.13(3), Florida Statutes (1995). Although courts generally prefer to keep siblings together, there are circumstances warranting separation. See Griffith, v. Griffith, 627 So.2d 527 (Fla. 2d DCA 1993). When family structures are complex, and the trial court does not have jurisdiction over all the children and all the parents, there can be no rigid rule requiring half-siblings to remain together in a single residence. The bonding among such children is certainly an “other fact,” see § 61.13(3)(k), Fla. Stat. (1995), that the court may consider relevant to its decision, but it is not the controlling factor. The trial court considered the bonds among the children as a factor in this case, but decided that, in light of all the relevant factors, the best interests of the children would be served if the husband had primary residential custody. We cannot conclude that no reason able judge would have made this discretionary decision. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Affirmed.
PATTERSON, A.C.J., and NORTHCUTT, J., concur.