PER CURIAM.
Kelly Mark Halbert appeals an order granting in part his former wife’s petition to modify child custody of their son. Mr. Halbert argues on appeal that the trial court erred in modifying the final judgment’s rotating custody arrangement to provide that the child, who is fourteen years old, primarily reside with Ms. Mori-co during the school week. We agree that the trial court abused its discretion in finding that a substantial change of circumstances had occurred which would support a modification in the custody arrangement. See Wade v. Hirschman, 903 So.2d 928, *772 935 (Fla.2005) (holding that “an order changing custody has a presumption of correctness and will not be disturbed absent a showing of abuse of discretion”); Higgins v. Higgins, 945 So.2d 593, 597 (Fla. 2d DCA 2006) (same).
The final judgment of dissolution of marriage was entered in September 2006, and it incorporated the parties’ marital settlement agreement. The settlement agreement provided that the parties would share rotating custody, because this custody arrangement would best ensure continuing contact for the parties and the child, due to the work schedule of Mr. Halbert. At the time, Mr. Halbert was a firefighter and frequently spent extended days and nights in the performance of his job. The settlement agreement did not address the possibility of either party’s relocation.
Ms. Morico filed her petition to modify custody in February 2008, alleging that there had been several changes in circumstances since the dissolution of marriage that necessitated a change in the custody arrangement. However, by the time the hearing on the petition was held on October 24, 2008, the only changes at issue were Mr. Halbert’s new job and his relocation from Largo to Brandon, Florida. The trial court noted that it considered all of the factors in section 61.13(3)(a), Florida Statutes (2008), and it found that there had been a substantial change in circumstances due to Mr. Halbert’s change in employment and his move to Brandon, which the trial court found was forty-five miles away from Ms. Morieo’s home. We conclude that the evidence presented at the hearing was insufficient to support the modification of custody.
The custody provisions of a final judgment of dissolution of marriage can be materially modified if “there has been a change in circumstances shown to have arisen” after the judgment was entered and if the child’s best interest justifies changing custody. Wade, 903 So.2d at 932. “The degree of change in the conditions and circumstances since the date of the previous decree must be of a substantial character.” Id. at 933.
In custody disputes involving the relocation of a parent, courts generally conclude that the relocation does not amount to a substantial change if the relocation is not a significant distance away from the child’s current location. Compare Gaber v. Gaber, 536 So.2d 381, 381-82 (Fla. 3d DCA 1989) (holding that the record did not demonstrate a substantial change in circumstances where the mother moved from North Miami Beach to Plantation, Florida, which is located in neighboring Broward County), with Bragassa v. Bragassa, 505 So.2d 556, 558 (Fla. 3d DCA 1987) (concluding that there was competent evidence to support the finding of a change in circumstances where the mother moved with the child to a location hundreds of miles away, with little opportunity for visitation between the father and the child).
In Day v. LeBlanc, 610 So.2d 42, 45 (Fla. 2d DCA 1992), this court held that “[a] move may constitute a substantial change of circumstances if the distance is far and the visitation of the other parent will be subject to significant interference as a result.” In Day, this court concluded that the father failed to show a substantial change in circumstances where the mother moved from Fort Myers to Gainesville, which are 230 miles apart, and the child spent a lot of time in the car on weekends. Id.
In the present case, there was no evidence that Mr. Halbert’s move to Brandon would cause a significant interference with Ms. Morico’s time with the child. Mr. Halbert testified that on the days he had *773 custody of his son, he could drive him to and from school. He had verified with his employer that the employer was willing to allow him flexibility with his schedule so that he could provide such transportation.
We recognize that as a result of Mr. Halbert’s relocation, the drive to and from school and school-related activities will be longer; however, this change is not so substantial as to justify a change in the custody arrangement as required by Wade, 903 So.2d at 933. Accordingly, we reverse that part of the trial court’s order granting Ms. Morico’s petition to modify child custody.
Reversed.
WHATLEY and MORRIS, JJ., Concur.
WALLACE, J., Dissents with opinion.