DAVIS, Chief Judge.
Keitha Elise Griffith, the Former Wife, challenges the trial court’s Final Judgment on Modification of Final Judgment of Dissolution of Marriage, in which the court changed the shared parental and custodial responsibility for the parties’ two minor children to award sole parental and custodial responsibility to Everett Edward Griffith, the Former Husband. On cross-appeal, the Former Husband challenges that portion of the final judgment on modification which failed to make the Former Wife’s child support obligation retroactive to the date he filed his petition for modification. We affirm as to the cross-appeal without comment. But because the trial court did not include certain statutorily required findings in its order, we must reverse the final judgment of modification on direct appeal.
The parties’ divorce became final on December 1, 2008, and pursuant to the final judgment of dissolution, the parties were to share parental responsibility for their two minor children, with the Former Wife having primary residential responsibility. On March 13, 2012, the Former Husband filed a petition for modification, seeking a change in residential parent and/or supervised time-sharing. In his petition, the Former Husband alleged a substantial change of circumstances in that since the final dissolution of marriage, the Former Wife had moved residences several times with the children, was not financially stable, was not providing a stable and secure environment for the children, engaged in physically abusive relationships with men, exposed the children to such abuse, and had been arrested four times for domestic violence.
A hearing on the petition was held on April 3, 2012, but the Former Wife did not attend. The trial court heard testimony and at the close of the hearing entered a temporary order modifying time-sharing to make the Former Husband the primary residential parent and allowing the Former Wife supervised time-sharing.
A final hearing was held January 17, 2013. The Former Wife appeared pro se. At the close of the hearing, the trial court found a substantial change in circumstances warranting modification and ordered that the Former Husband be named primary residential parent with supervised time-sharing for the Former Wife.
On appeal, the Former Wife argues that the trial court erred in finding that a substantial change of circumstances had oc *1186 curred and in failing to consider the best interests of the children pursuant to section 61.13(8), Florida Statutes (2012). We must agree.
“[A] time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child.” § 61.13(8). Here, the trial court did make a specific finding that there was a substantial change in circumstances; however, neither the final order of modification nor the court’s oral pronouncement specifies what that substantial change is. Furthermore, there is nothing in the record to specifically suggest that the trial court considered the best interests of the children. See § 61.13(3) (stating that “[d]eterminati()n of the best interests of the child shall be made by evaluating” certain enumerated factors).
Accordingly, we must reverse the trial court’s final order of modification and remand for reconsideration.[1] On remand, the trial court’s temporary order modifying the time-sharing arrangement by naming the Former Husband primary residential parent will remain in effect while the cause remains pending.
Affirmed in part, reversed in part, and remanded.
WALLACE and LaROSE, JJ., Concur.

. We find no merit to the other arguments the Former Wife makes on appeal.