DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RENE GEORGE,**
Appellant,

v.

**MATTHEW LULL,**
Appellee.

No. 4D14-2295

[November 12, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Dana Gillen, Judge; L.T. Case No. 502007DR014549FZ.

Michael D. Cirullo, Jr. of Goren, Cherof, Doody & Ezrol, P.A., Fort Lauderdale, and Jason A. Brodie and Joshua K. Friedman of Brodie & Friedman, P.A., Boca Raton, for appellant.

Andrew Harris of Burlington & Rockenbach, P.A., West Palm Beach, and Georgia T. Newman of Law Office of Georgia T. Newman, West Palm Beach, for appellee.

LEVEY COHEN, MARDI, Associate Judge.

Rene George ("the Mother") appeals the trial court's granting of Matthew Lull's ("the Father") petition to modify timesharing with their minor child. The Mother argues on appeal that the trial court erred in finding a substantial change in circumstances that would justify a modification from the parties' original mediated settlement agreement. We agree and reverse.

After a seven year marriage, and one minor child, the Mother and Father were divorced on September 8, 2008. The final judgment of dissolution of marriage incorporated the parties' mediated marital settlement agreement and parenting plan. The agreement provided for a timesharing schedule where the child would spend overnights with the

parents during alternating weekdays and weekends.[1] Provisions were also made in the agreement to accommodate the Mother's and Father's travel-work schedule. At that time, the parties both worked outside of the home and each traveled for work purposes, especially the Father. The original agreement, therefore, contemplated their work schedules and travel requirements.

In 2013, the Mother filed a petition to relocate with the child on the grounds that she had lost her job and sought employment at a location that was more likely to have jobs requiring her experience and skills.[2] The Father then filed a counter-petition also seeking modification of the timesharing agreement on the grounds that a substantial change in circumstances had occurred since the final judgment. Specifically, he pled in his petition that he "primarily works from home, which he did not at the time of the entry of the final judgment," and that the child is older and would "greatly benefit from more time with the Father." The Father ultimately requested the timesharing agreement be modified to an alternating two-week block schedule.

Testimony at the hearing on the parties' petitions revealed that while the Father had the same job as he did when the divorce became final, he now had a more flexible schedule and could work from home if necessary. The Father would nonetheless still have to travel for business purposes, although he now had more control over his travel schedule. There was no evidence elicited at the hearing that the Father in fact worked from home, only that he would do so if necessary.

The Father also claimed during the hearing that the child was stressed as a result of the current timesharing schedule, which involved the child moving from one residence to another during the week and which was disruptive to the child. The Mother, however, claimed that the arrangement was not stressful on the child and that the child was comfortable with the arrangement. She did acknowledge, however, that the child would prefer to spend the weekdays with her and alternating weekends with the Father. The court also heard testimony from the child's former teacher who testified that the child would get upset when he arrived at school late, which occasionally happened when the child had overnights

---

[1] The arrangement was that the child would reside with the Father every Thursday night, every other Wednesday night, and every other weekend, from Thursday afternoon to Monday morning.

[2] The Mother's petition for relocation was denied and is not at issue on appeal. This was the Mother's third supplemental petition for modification.

with the Father. There was no other testimony regarding how the child was actually stressed by the timesharing plan.

The trial court ultimately found that there was a substantial change in circumstances to substantiate a modification to the timesharing plan and granted the Father's petition. The court's order specifically found that the Father's work schedule had changed, allowing him to work from home, that the child was older and therefore needed more time with the Father, and that the child was "likely" to be stressed from the current timesharing plan. The court later concluded in its order that the child in fact *was* stressed from the current timesharing plan.

It is well settled that in order to modify a timesharing plan there must be a substantial change in circumstances. *Wade v. Hirschman*, 903 So. 2d 928, 932 (Fla. 2005). Further, the petitioning party has the extraordinary burden to prove the substantial change in circumstances. *See Sanchez v. Hernandez*, 45 So. 3d 57, 61–62 (Fla. 4th DCA 2010); *Bon v. Rivera*, 10 So. 3d 193, 195 (Fla. 4th DCA 2009). The trial court must find by competent substantial evidence that a substantial change in circumstances has occurred since the original agreement. *Wade*, 903 So. 2d at 932. The substantial change must be one that was not contemplated at the time of the original timesharing plan. *Id.* at 935 n.2; *see also Chamberlain v. Eisinger*, 159 So. 3d 185, 189 (Fla. 4th DCA 2015). This stringent test safeguards the original agreement and the trial court's determination of timesharing, and promotes stability for the children affected by the timesharing arrangements. *See Sanchez*, 45 So. 3d at 61.

After a thorough review of the record, we find that there was no competent material evidence of a substantial change in circumstances. While the Father pled in his petition that his work schedule changed and that he was "primarily" working from home, his testimony revealed that he could change his work schedule "if necessary" and that he would do so to "show his ex-wife that he could be consistent." There was no evidence that he was actually currently working from home. Furthermore, the Father was still traveling for work although he now had more flexibility on travel dates and times than when the parties were divorced. Simply alleging a change in circumstance is not sufficient. The substantial change must be established through competent evidence.

Although not alleged in the Father's petition, the court in its order concluded that the child was stressed by the timesharing schedule. At the hearing, the Father testified that the timesharing schedule was disruptive to the child because each week the child had to move between residences for a few days. He claimed that a new schedule would improve the child's

3

"quality of life" by providing for consistency. The Mother, in turn, testified that the child was comfortable with the arrangement but preferred to stay with her during the week. She further testified that the child excelled in school and was a happy, well cared for nine-year-old child who expressed himself well and was articulate. Other witnesses testified that the child was immature and sensitive. There simply was no evidence showing that the shifting of residences caused a negative effect on the child. *See Ackerson v. Murphy*, 622 So. 2d 154, 154–55 (Fla. 5th DCA 1993). As such, the trial court's finding was not based on competent evidence that the schedule actually caused the child stress. Rather, the trial court's finding was conclusory.

The Father also testified that the child needed to spend more time with him as the child was older and nearing manhood.[3] Certainly the parties contemplated that the child would age and mature through the years when they agreed to the original timesharing plan. The extraordinary burden in showing a substantial *unanticipated* change in circumstances provides stability to the original timesharing plan which is intended to preclude disruptions in the lives of children by preventing frequent disputes over the plan. *See Wade*, 903 So. 2d at 932–33. There is nothing in the record that supports the claim that the child requires more time with the Father.

While there may be instances where a change in work schedule can constitute a substantial change in circumstances to justify a modification of a timesharing plan, the evidence presented in this case simply failed to meet the extraordinary burden required. *See Shaw v. Nelson*, 4 So. 3d 740, 743-45 (Fla. 1st DCA 2009); *Holmes v. Greene,* 649 So. 2d 302, 304 (Fla. 1st DCA 1995); *see also Halbert v. Morico,* 27 So. 3d 771, 773 (Fla. 2d DCA 2010). The facts alleged and the trial court's findings were not supported by competent evidence. Accordingly, the trial court abused its discretion by granting the Father's counter-petition for modification, and we therefore reverse.

*Reversed and remanded.*

WARNER and CONNER, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

---

[3] At the time of the divorce, the child was a toddler, and at the time of the Father's petition for modification the child was nine years old.