NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ANNA HOLLIS,                            )
                                        )
      Appellant,                   )
                                        )
v.                                      )      Case No. 2D18-2293
                                        )
DAVID HOLLIS,                           )
                                        )
      Appellee.                    )
                                        )
_____)

Opinion filed June 19, 2019.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Pasco County;
Alicia Polk, Judge.

Eduardo J. Mejias of AAA Family Law, LLC,
Altamonte Springs, for Appellant.

Joryn Jenkins and Cara L. Powell of Open
Palm Law, Tampa, for Appellee.


LaROSE, Chief Judge.

      Anna Hollis (Former Wife) appeals the trial court's order modifying child

custody and awarding David Hollis (Former Husband) majority time-sharing.  We have

jurisdiction.  See Fla. R. App. P. 9.030(b)(1)(A)[1] (providing that district courts shall

---

[1]There exists authority for the proposition that our jurisdiction to review a
post-judgment order concerning child custody and timesharing lies under rule
9.130(a)(3)(C)(iii)(b), which enumerates as a nonfinal appealable order those orders
modifying "the rights or obligations of a party regarding child custody or time-sharing
under a parenting plan."  However, rule 9.130 does not designate such custody orders
as nonfinal.  Rather, rule 9.130 merely provides that nonfinal child custody orders are

review "final orders of trial courts").  The record does not support the trial court's finding that a material and substantial change in circumstances justified modification.  Consequently, we reverse.

## Background

The trial court entered a final judgment of dissolution of marriage in August 2013.  The final judgment awarded the parents shared parental responsibility of their three minor children, with Former Wife enjoying majority time-sharing.

Within about six months, the parties filed competing petitions to modify the final judgment, particularly, the time-sharing arrangement.  Each alleged that a substantial change in circumstances warranted a modification.

In early 2018, the trial court conducted a three-day evidentiary hearing.  Subsequently, the trial court modified the final judgment and awarded majority time-sharing to Former Husband.

## Analysis

Former Wife argues that no evidence before the trial court established a material and substantial change in circumstances.  She contends that the trial court relied solely on Former Husband's relocation some forty-seven miles away.  In her view, this move, alone, does not constitute a substantial change.  She further maintains that although the trial court's order uses the "magic words" that a substantial change occurred, the order fails to identify those changes.  Former Husband counters that the trial court is not required to specify what substantial changes have occurred; rather, the

_____

appealable.  And, because post-dissolution custody modification orders are themselves final, our appellate jurisdiction resides instead under rule 9.030(b)(1)(A).

- 2 -

order must only indicate that it found they exist. He alleges that his relocation was just one factor the trial court considered.

"[A]n order changing custody has a presumption of correctness and will not be disturbed absent a showing of abuse of discretion." Wade v. Hirschman, 903 So. 2d 928, 935 (Fla. 2005) (citing In re Gregory, 313 So. 2d 735, 738 (Fla. 1975)). Thus, we should affirm the trial court's decision when "there is competent, substantial evidence supporting the trial judge's conclusion." McKinnon v. Staats, 899 So. 2d 357, 359 (Fla. 1st DCA 2005) (citing Zediker v. Zediker, 444 So. 2d 1034, 1038 (Fla. 1st DCA 1984)); compare, e.g., Wade, 903 So. 2d at 935 ("The trial court . . . concluded that there were substantial and material changes in circumstances, and its findings are supported by competent, substantial evidence, including: evidence of parental alienation of the Father by the Mother; failure of the Mother to cooperate with the parenting coordinator and comply with the parenting agreement; violation of shared parental responsibility as evidenced by the Mother's unilateral change of the child's elementary school and her unilateral change of the child's therapist; and the finding that the Mother was in contempt of court for her actions relative to visitation."), with Griffith v. Griffith, 133 So. 3d 1184, 1186 (Fla. 2d DCA 2014) (reversing the trial court's modification order where "the trial court did make a specific finding that there was a substantial change in circumstances; however, neither the final order of modification nor the court's oral pronouncement specifies what that substantial change is").

A trial court should not modify a time-sharing schedule "without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child." Griffith, 133 So. 3d at 1186 (quoting § 61.13(3), Fla. Stat. (2012)). The burden on the moving party is

nothing less than "extraordinary." Wade, 903 So. 2d at 933 (citing Voorhies v. Voorhies, 705 So. 2d 1064, 1065 (Fla. 1st DCA 1998)); see also George v. Lull, 181 So. 3d 538, 540 (Fla. 4th DCA 2015) (characterizing the required showing as a "stringent test"). The "substantial change" must not have been "reasonably contemplated at the time of the original judgment." Cooper v. Gress, 854 So. 2d 262, 265 (Fla. 1st DCA 2003) (citing Pimm v. Pimm, 601 So. 2d 534, 536 (Fla. 1992)); see George, 181 So. 3d at 540 ("The substantial change must be one that was not contemplated at the time of the original timesharing plan." (citing Wade, 903 So. 2d at 935 n.2)). And, the best interests of the children are determined by considering the factors listed in section 61.13(3), Florida Statutes (2017). Of course, absent a substantial change in circumstances, the trial court need not consider the section 61.13(3) factors. See Wade, 903 So. 2d at 934 ("Res judicata attached to [the original custody] determination and that determination cannot be modified without satisfying the substantial change test."); Ogilvie v. Ogilvie, 954 So. 2d 698, 699 (Fla. 1st DCA 2007) (discussing that "the threshold question when modification is sought is whether there has been a substantial, material change in circumstances since entry of the decree").

Although the parties' relationship had grown strained and communication had become harder, each had been complying with the existing custody arrangement. See Ring v. Ring, 834 So. 2d 216, 217 (Fla. 2d DCA 2002) ("The record does show that the parties in this case sadly failed to communicate between themselves and had continuing hostility. However, in Newsom v. Newsom, 759 So. 2d 718, 720 (Fla. 2d DCA 2000), this court stated that the 'fact that the parents cannot communicate and get along does not constitute a material change in circumstances to warrant modification of custody.' "); McKinnon, 899 So. 2d at 360 ("The inability of parents to communicate

- 4 -

does not amount to a substantial change of circumstances that would justify a custody modification." (citing Zediker, 444 So. 2d at 1035)). Other courts have found such asperity and accompanying breakdown in communication do not constitute a substantial and material change. See, e.g., Bazan v. Gambone, 924 So. 2d 952, 956 (Fla. 3d DCA 2006) ("The parents' acrimonious relationship and lack of effective communication do not constitute a material change in circumstances to warrant modification of custody."); Zediker, 444 So. 2d at 1036 ("The issue before us is whether the inability of two otherwise intelligent and rational adults to communicate before, during or after visitation amounts to a substantial or material change of circumstances following dissolution which would justify a change of custody. We hold that it does not . . . .").

The trial court described various evidence, apart from relocation, adduced at the evidentiary hearing. Unfortunately, the trial court did not elaborate, orally or in its order, on how any bit of that evidence weighed for or against modification. Seemingly, the only obvious change in circumstance was Former Husband's relocation. Generally, however, "relocation does not amount to a substantial change if the relocation is not [distant] from the child's current location." Halbert v. Morico, 27 So. 3d 771, 772 (Fla. 2d DCA 2010). In Halbert, we concluded that a forty-five-mile move was not a substantial change warranting modification. Id. (comparing Gaber v. Gaber, 536 So. 2d 381, 381-82 (Fla. 3d DCA 1989), where the court held there was no substantial change in circumstances when the mother moved to a neighboring county, with Bragassa v. Bragassa, 505 So. 2d 556, 558 (Fla. 3d DCA 1987), where the court held there was a substantial change when the mother moved hundreds of miles away, with scarce opportunity for visitation between the father and child); see also Ragle v. Ragle, 82 So. 3d 109, 112 (Fla. 1st DCA 2011) (concluding that the trial court abused its discretion in

modifying time-sharing where "[t]he crux of Appellee's request for modification is Appellant's decision to move the children to a new home [twenty-eight] miles from their previous home").

Here, the trial court expressed its concern that "[t]he children should not be in the car that long. [Forty-seven] miles each way. Not great." The trial court also elaborated on the section addressing "geographical viability of the parenting plan" more than most other sections of the modification order. However, the trial court observed that Former Husband "testified that new distance did not impact the minor children's routine" and that he "was still able to comply with the time-sharing schedule and provide the minor children with a consistent routine while they were in his care."

We find the trial's court finding of a "substantial, material, unanticipated change of circumstance" is unsupported by the record. See, e.g., McKinnon, 899 So. 2d at 361 ("[T]he trial court's finding that Appellee met his extraordinary burden was not supported by the record. The evidence presented here did not amount to a substantial change in circumstances to warrant a post-dissolution modification of custody."). Therefore, we are forced to conclude that the trial court abused its discretion in ordering modification.

Reversed.

VILLANTI and ATKINSON, JJ., Concur.