DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PRISCILLA IZQUIERDO,**
Appellant,

v.

**JOSHUA DEL VALLE,**
Appellee.

No. 4D19-1055

[April 22, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dale C. Cohen, Judge; L.T. Case No. 09-8516 FMCE (37).

Priscilla Izquierdo, Cape Coral, pro se.

No brief filed on behalf of appellee.

PER CURIAM.

Priscilla Izquierdo ("the mother") appeals the trial court's dismissal of her petition for modification of timesharing for failure to state a cause of action. We find that the trial court should have given the mother an opportunity to amend her pleading, and we reverse and remand for further proceedings.

In May 2015, the trial court approved a parenting plan entered into by the mother and the appellee, Joshua Del Valle ("the father"). The plan reflects that the mother resides in Cape Coral and the father in Fort Lauderdale. The parents share parental responsibility. They are required to obtain the Broward County school calendar in August of each year and discuss any issues that may arise. For timesharing, the mother has every other weekend beginning at 5:00 p.m. on Friday and ending at 8:00 p.m. on Sunday. The father has the remaining time. Holiday and school break timesharing is also addressed in the plan. The mother is to provide for all transportation, and exchanges are to occur at the parents' respective homes unless agreed to otherwise.

In 2016, the father successfully petitioned for relocation to Haines City. In 2018, the mother, proceeding pro se, petitioned for modification of the

parenting plan and timesharing schedule, alleging that the father was arrested on domestic violence charges, that he moved to Polk County, and that she had to "drive all the way back and forth for visits." She also alleged that she had "to sign out my other kids early from school in order to make it by 5 [p.m.] or I'm not allowed visits [with] my son." She alleged that the father "has canceled on me multiple times and does not allow me to visit with my son on my scheduled days." The mother also alleged that the father's wife is "violent" and had "attacked" her on two occasions during exchanges. She asserted that modification was in the child's best interests due in part to the violence. As relief, she requested that the father not be accompanied by his wife when they exchange the child, and that they meet "halfway" for exchanges. She also proposed, in the alternative, that the father meet her at the Polk County police station "by his home by 6 [p.m.]"

The father moved to dismiss the mother's petition based on her failure to allege a substantial change in circumstances.[1] The trial court granted the motion to dismiss, finding only that the petition failed to state a cause of action.

Whether a complaint states a cause of action is an issue of law subject to de novo review. *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489, 495 (Fla. 4th DCA 2001). "A determination of parental responsibility, a parenting plan, or a time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child." § 61.13(3), Fla. Stat. (2018). This standard applies to the modification of timesharing agreements. *See Reed v. Reed*, 182 So. 3d 837, 840 (Fla. 4th DCA 2016) (citing *Wade v. Hirschman*, 903 So. 2d 928, 931 (Fla. 2005)). The change in circumstances must have "occurred since the original agreement," and it cannot have been "contemplated at the time of the original timesharing plan." *George v. Lull*, 181 So. 3d 538, 540 (Fla. 4th DCA 2015).

Here, it is apparent that the trial court agreed with the father that the mother failed to sufficiently allege a substantial change in circumstances. The mother's petition was based in part on the father's relocation from Fort Lauderdale to Haines City and her difficulty exercising timesharing after the relocation. A parent's relocation may warrant modification of a parenting plan/timesharing arrangement. *Compare Bragassa v. Bragassa*, 505 So. 2d 556, 558 (Fla. 3d DCA 1987) (finding that the

---

[1] He also asserted that the case should be brought in Polk County, a ground not addressed by the trial court.

2

hearing officer "could find that there was a substantial change in circumstances" where "the children went from a position of living in the same city with their father, who had been granted extremely liberal visitation privileges, to a position of living hundreds of miles away, with little opportunity for visitation"), *with Halbert v. Morico*, 27 So. 3d 771, 772 (Fla. 2d DCA 2010) (recognizing that "courts generally conclude that the relocation does not amount to a substantial change if the relocation is not a significant distance away from the child's current location"). It appears that the parties already resided hundreds of miles from one another when the parenting plan was approved by the court. The mother was residing in Cape Coral; the father and child resided in Fort Lauderdale. After the parenting plan was entered, the father and child relocated to Haines City. Considering the distances of the parties' residences from one another at the time the parenting plan was entered and after the father's relocation, the father's relocation, standing alone, would not amount to a substantial change in circumstances. Additionally, to the extent his relocation exacerbated any problems the parents had with communication and cooperation in following the parenting plan, this does not amount to the sort of change in circumstances warranting a modification. *See Ragle v. Ragle*, 82 So. 3d 109, 113 (Fla. 1st DCA 2011).

However, the mother also alleged that she had trouble making the 5:00 p.m. pickup time because her other children must be taken out of school first. And she also alleged that the father's wife attacked her during exchanges.[2] "A claim should not be dismissed with prejudice 'without giving the plaintiff an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action.'" *Gladstone v. Smith*, 729 So. 2d 1002, 1003 (Fla. 4th DCA 1999) (quoting *Kairalla v. John D. & Catherine T. MacArthur Found.*, 534 So. 2d 774, 775 (Fla. 4th DCA 1988)). Here, it is not apparent that the mother cannot plead a substantial change in circumstances. Accordingly, we reverse.

*Reversed and remanded for further proceedings.*

CIKLIN, CONNER and KUNTZ, JJ., concur.

* * *

---

[2] In her brief, the mother also indicated that the timesharing schedule was workable for a time when the father allowed her to have timesharing in his home. She stated that after a time, the father no longer allowed her to do so, and her financial limitations make the travel arrangements unworkable.

*Not final until disposition of timely filed motion for rehearing.*