# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D22-1867
LT Case No. 2020-10896-CIDL

———————————————

JOHN KNOX VILLAGE OF CENTRAL
FLORIDA, INC., and LESLY
MOMPOINT, as to MAJESTIC OAKS,

Appellants,

v.

ESTATE OF ALMA JANE LAWRENCE,
by and through MARIAN K.
CASTLEMAN, PERSONAL
REPRESENTATIVE,

Appellee.

———————————————

Nonfinal appeal from the Circuit Court for Volusia County.
Kathryn D. Weston, Judge.

Therese A. Savona and Scott A. Cole, of Cole, Scott & Kissane,
P.A., Orlando, for Appellants.

Joanna Greber Dettloff, Rainey C. Booth, Jr., and A. Lance Reins,
of Mendes, Reins & Wilander, PLLC, Tampa, for Appellee.

January  12, 2024

KILBANE, J.

John Knox Village of Central Florida, Inc., and Lesly
Mompoint, as to Majestic Oaks (collectively "Appellants"), appeal

an order granting leave to amend to add a claim for punitive damages pursuant to section 400.0237, Florida Statutes (2021), entered in favor of the Estate of Alma Jane Lawrence ("Appellee"). The trial court granted Appellee's motion after "having reviewed the proffered evidence, heard argument from the parties, and being otherwise fully advised in the premises." The court made no affirmative findings in its order or orally at the hearing.

Appellants argue that (1) the trial court erred in granting leave because its order failed to make affirmative findings; and (2) the proffered evidence did not support a claim for punitive damages. Appellee argues, inter alia, that affirmative findings are not required or the lack of affirmative findings constitutes harmless error in light of the change to Florida Rule of Appellate Procedure 9.130. We affirm and write to address the jurisprudence requiring affirmative findings and how Florida Rule of Appellate Procedure 9.130(a)(3)(G) impacts our review.

## Pleading Requirements for Punitive Damages Claims

There are two operative statutes that embrace the topic of pleading a claim for punitive damages relevant to this appeal. Section 768.72 applies to "any civil action." § 768.72(1), Fla. Stat. It states in relevant part:

> (1) In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages.

§ 768.72(1), Fla. Stat.

Chapter 400 covers nursing homes and related health care facilities. *See* Ch. 400, Fla. Stat. A punitive damages claim brought under this chapter is subject to the requirements of section 400.0237. It states in relevant part:

> (1) A claim for punitive damages may not be brought under this part unless there is a showing by admissible evidence that has been submitted by the parties that

2

provides a reasonable basis for recovery of such damages when the criteria in this section are applied.

§ 400.0237(1), Fla. Stat. The punitive damages claim in the instant case was brought pursuant to section 400.0237. *See Life Care Ctrs. of Am., Inc. v. Croft*, 299 So. 3d 588, 590 (Fla. 2d DCA 2020) (explaining that case law discussing section 768.72 is significant and applicable, but section 400.0237 has different procedural requirements).

### Affirmative Findings Requirement

Under certiorari review, this Court found that "the trial court, serving as a gatekeeper, is required to make an affirmative finding that plaintiff has made a 'reasonable showing by evidence,' which would provide a 'reasonable evidentiary basis for recovering [punitive] damages' if the motion to amend is granted." *Varnedore v. Copeland*, 210 So. 3d 741, 747–48 (Fla. 5th DCA 2017); *see also E. Bay NC, LLC v. Reddish*, 306 So. 3d 1225, 1227 (Fla. 2d DCA 2020) (requiring the trial court to make an affirmative finding for punitive damages claims brought pursuant to section 400.0237). "[T]he trial court's failure to include any such finding, either orally or in the written order, constitute[d] a departure from the essential requirements of the law," would cause irreparable harm, and therefore results in reversal. *Kovacs v. Williams*, 331 So. 3d 850, 852 (Fla. 5th DCA 2021).

Upon revisiting the affirmative findings requirement, *Kovacs* yielded to *Varnedore*; however, it challenged the requirement and certified conflict with *Watt v. Lo*, 302 So. 3d 1021, 1023 (Fla. 1st DCA 2020). We agree with *Kovacs* that "there is no operative statute or rule requiring the trial court to make an affirmative finding" and if "writing on a blank slate" would determine that no such requirement exists.[1] *See* 331 So. 3d at 851. Had the

---

[1] The affirmative findings requirement may have fulfilled a felt need for courts constrained by their limited review, but that need is not reflected in the statutory text. *See Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020) ("[W]e follow the 'supremacy-of-text principle'—namely, the principle that '[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means.'" (quoting Antonin

Legislature intended to require courts to make affirmative findings, it could have easily done so. *See Brooks v. State*, 363 So. 3d 181, 185 (Fla. 5th DCA 2023) ("[W]hen a legislative body 'knows how to say something but chooses not to, its silence is controlling.'" (quoting *In re Guillen*, 972 F.3d 1221, 1226 (11th Cir. 2020))); *see also* § 61.08(1)(b)–(2)(a), Fla. Stat. (requiring trial courts to "make written findings of fact" and "a specific, factual determination"). Notwithstanding our agreement with *Kovacs*, we too must yield to *Varnedore* because the operative statutes on which it is rooted remain unaltered. *See* § 400.0237, Fla. Stat.; § 768.72, Fla. Stat. Thus, we are bound to apply *Varnedore* to the extent that it requires trial courts to make affirmative findings as to whether a party may assert a claim for punitive damages.

## Change to Florida Rule of Appellate Procedure 9.130

"Previously, certiorari review was the sole avenue for determining whether the procedural requirements of the statute governing the pleading of punitive damages claims had been followed." *Cleveland Clinic Fla. Health Sys. Nonprofit Corp. v. Oriolo,* 357 So. 3d 703, 705 n.1 (Fla. 4th DCA 2023). This review was "limited to addressing whether the trial court complied with all applicable requirements and analysis . . . in granting leave to assert a punitive damages claim." *Keen v. Jennings*, 327 So. 3d 435, 438 (Fla. 5th DCA 2021). As such, "[c]ertiorari [was] not available to review a determination that there [was] a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of [punitive] damages" and could "not be granted 'to review the sufficiency of the evidence considered by a trial judge.'" *Croft*, 299 So. 3d at 590 (first alteration in original) (quoting *Globe Newspaper Co. v. King*, 658 So. 2d 518, 519–20 (Fla. 1995)). However, the certiorari standard no longer constrains this Court's review.

In 2022, the Florida Supreme Court amended Florida Rule of Appellate Procedure 9.130(a)(3) to allow for nonfinal appeals of orders granting or denying a motion for leave to amend to assert a

Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012))); Scalia & Garner, *Reading Law* at 95 (discussing judicial "gap-filling").

claim for punitive damages. *In re Amend. to Fla. Rule App. Proc. 9.130*, 345 So. 3d 725 (Fla. 2022); Fla. R. App. P. 9.130(a)(3)(G). The amendment became effective on April 1, 2022. *In re Amend. to Fla. Rule App. Proc. 9.130*, 345 So. 3d at 726. Because the order under review was rendered and the notice of appeal filed after April 1, 2022, this Court's review is unquestionably pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(G) as a nonfinal order. *See Fed. Express Corp. v. Sabbah,* 357 So. 3d 1283 (Fla. 3d DCA 2023) (discussing effective date of rule 9.130(a)(3)(G) and its application to pending cases).

Under rule 9.130(a)(3)(G), an appellate court reviews the trial court's ruling on a motion for leave to amend a complaint to assert a claim for punitive damages de novo. *See Hosp. Specialists, P.A. v. Deen*, 48 Fla. L. Weekly D2214 (Fla. 5th DCA Nov. 21, 2023) (citing *Werner Enters., Inc. v. Mendez*, 362 So. 3d 278, 281 (Fla. 5th DCA 2023)). Section 400.0237 requires "a showing by admissible evidence." § 400.0237(1), Fla. Stat.; *see also Croft*, 299 So. 3d at 590. The record evidence or proffer to support a punitive damages claim must be timely served on all parties at least twenty days before the hearing. Fla. R. Civ. P. 1.190(f). Because rule 9.130(a)(3)(G) removes the restrictions of certiorari review, "a trial court is in no better position than an appellate court to determine [the record evidence's or proffer's] sufficiency because the trial court is not called upon to evaluate and weigh testimony and evidence based upon its observation of the bearing, demeanor, and credibility of witnesses." *See Est. of Despain v. Avante Grp., Inc.*, 900 So. 2d 637, 644 (Fla. 5th DCA 2005) (citing *Murray v. State*, 692 So. 2d 157, 164 (Fla. 1997)).

## <u>Conclusion</u>

Upon our de novo review of the evidence in this case,[2] we find that the record supports the trial court's order. Accordingly, the trial court's failure to make affirmative findings, as *Varnadore*

---

[2] "In conducting our de novo review, we consider the record evidence and the proffered evidence in the light most favorable to the plaintiff." *Deen*, 48 Fla. L. Weekly at D2214 (citing *Est. of Blakely by and through Wilson v. Stetson Univ., Inc.*, 355 So. 3d 476, 481 (Fla. 5th DCA 2022)).

requires, was harmless. *See Ruiz v. Wendy's Trucking, LLC*, 357 So. 3d 292, 300 n.4 (Fla. 2d DCA 2023) ("The trial court 'reached a supportable result based on proof in the record,' and thus remanding for express findings 'would serve no positive purpose. . . .'" (quoting *Delivorias v. Delivorias*, 80 So. 3d 352, 354 (Fla. 1st DCA 2011))); *see also Omega Title Naples, LLC v. Butschky*, 327 So. 3d 424, 426 (Fla. 2d DCA 2021).[3]

AFFIRMED.

SOUD, J., concurs.
LAMBERT, J., concurs in result.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

---

[3] We note that the Fourth District Court recently agreed with *Varnedore* and its affirmative findings requirement. *See Fed. Ins. Co. v. Perlmutter*, 48 Fla. L. Weekly D2320 (Fla. 4th DCA Dec. 13, 2023) (en banc). Although we recognize and agree that best practices are for trial courts "to identify on the record (preferably in writing) the evidence presented by the movant that satisfied the evidentiary showing," *see id.*, appellate courts will not always be significantly hampered in their review without such finding. Furthermore, we express no opinion on the Fourth District Court's interpretation of section 768.72 as it has no bearing here.